UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BRYANT,

        Plaintiff,                      Case Number: 22-12236
                                                  Honorable Linda V. Parker

v.

HEIDI WASHINGTON, et al.,

        Defendants.

_____/

## **OPINION AND ORDER OF PARTIAL DISMISSAL**

This matter is before the Court on James Bryant's pro se civil rights complaint filed under 42 U.S.C. § 1983. Bryant, who is incarcerated at the Saginaw Correctional Facility (SCF) in Freeland, Michigan, alleges that defendants violated his rights under the Eighth Amendment by failing to establish effective protocols to prevent the spread of Covid-19. Bryant also argues that, even after appropriate protocols were established, defendants failed to ensure that they were followed. He names five defendants: Michigan Department of Corrections (MDOC) Director Heidi Washington, MDOC Assistant Chief Medical Officer, SCF Warden O'Bell Winn, SCF Temporary Warden Gary Minard and SCF Assistant Deputy Warden Carroll Walker. Bryant names defendants in their official and personal capacities.

The Court dismisses Bryant's claims for monetary damages and non-prospective injunctive relief against defendants in their official capacities based on Eleventh Amendment immunity.

## I. Legal Standard

Bryant has been granted leave to proceed without prepayment of the filing fees for this action. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  Discussion

Bryant sues all defendants in their personal and official capacities.  The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit, or Congress has abrogated that immunity.  *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989).  Eleventh Amendment immunity applies "regardless of the nature of the relief sought," *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984), and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens," *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted).  But the Eleventh Amendment does not preclude suits against state defendants for prospective injunctive relief.  *See McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012).

"The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *See Will*, 491 U.S. at 66. Suits against state officials in their official capacities are the same as suits against the state itself. *Id.* at 71. Eleventh Amendment immunity applies to state employees sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Co., 574 F.3d 334, 344 (6th Cir. 2009)). The defendants, who are employees of the State of Michigan, are entitled to Eleventh Amendment immunity on all claims for relief other than prospective injunctive relief asserted against them in their official capacities. *See Will*, 491 U.S. at 70-71.

### III. Conclusion

For these reasons, the Court **DISMISSES** Bryant's claims for monetary damages and non-prospective injunctive relief against defendants in their official capacities.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 4, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 4, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
